IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TANYA SCHWENK and CHRISTOPHER SCHWENK,

                Plaintiffs,

     v.

COUNTY OF ALAMEDA; CAROLYN LACATIVO, individually and in the official capacity as a social worker for the COUNTY OF ALAMEDA; and DOES 1 through 20,

                Defendants.

_____

No. C 07-00849 SBA

**ORDER**

[Docket Nos. 19, 25 & 27]

    This matter comes before the Court on 1) defendants' Motion to Dismiss plaintiffs' Amended Complaint or, in the alternative, Motion for a More Definite Statement [Docket No. 25]; 2) defendants' Motion to Strike plaintiffs' prayer for punitive damages [Docket No. 19]; and 3) defendants' unopposed Request for Judicial Notice pursuant to Federal Rule of Evidence 201 [Docket No. 27]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.

    For the reasons set forth below, the Court GRANTS defendants' Request for Judicial Notice, GRANTS defendants' Motion to Dismiss, and DENIES AS MOOT Defendants' Motion to Strike .

<u>**BACKGROUND**</u>

**I.**    **Factual Background**

    Plaintiffs Tanya Schwenk and Christopher Schwenk, mother and son, allege in their Amended Complaint that at 4:00 a.m. on June 7, 2004, defendant Lacativo, a social worker for the County of Alameda, appeared at the home of plaintiffs accompanied by police officers and removed Christopher

United States District Court

For the Northern District of California

1   Schwenk as well as Elliot Schwenk[1] from the custody of Tanya Schwenk without her consent. Am.

2   Compl. ¶ 7. Plaintiffs allege that Lacativo did not have a warrant or other court order authorizing

3   Christopher's removal or his subsequent placement in foster care and that Lacativo had no probable

4   cause to believe that Christopher was in imminent danger of serious bodily injury or death at the time

5   of the removal, and therefore acted contrary to federal constitutional standards that require  a warrant.

6   *Id.* ¶ 8. Plaintiffs state:"Lacativo had ample time to obtain a warrant and failed to do so, electing instead

7   to remove Christopher without a court order of any kind . . .Christopher's removal was not necessary

8   to avert any risk of harm to his well-being." *Id.* . ¶¶ 9-10

9        Plaintiffs allege a single claim of action, violation of 42 U.S.C. § 1983, against both defendants

10  individually. Plaintiffs allege that in doing the acts complained of, Lacativo acted under color of state

11  law to deprive plaintiffs of constitutionally-protected rights including:

12        (a) the right not to be deprived of liberty without due process of law;

13        (b) the right to be free from unreasonable interference with parent-child relationships;

14        (c) the right to procedural due process;

15        (d) the right to be free from unreasonable searches and seizures; and

16        (e) the right to be free from arbitrary intrusions on plaintiffs' physical and emotional wellbeing.

17  *Id.* ¶ 16.

18        With respect to the County of Alameda, plaintiffs allege that the seizure of Christopher Schwenk

19  "constituted part of a pattern and practice of the County of Alameda to remove children from the

20  custody of their parents without a warrant, without adequate investigation and without probable cause

21  to believe that the children are in imminent harm of physical injury or death or without probable cause

22  to believe that the children are at risk of any abuse or neglect." *Id.* ¶ 19.

23        Plaintiff's bare-bones Complaint is devoid of any facts other than those stated above.

24  Significantly, the Complaint states nothing about the purported reason for the removal. With respect to

25  the relationship between Tanya Schwenk and Christopher Schwenk, the Complaint states only: "At all

26

27  ————————————

28        [1] Elliot Schwenk is presumably a sibling of Christopher, but not a party to the present action. As discussed below, the custodial parent of Christopher, the father, is also not a party to this action.

1    times relevant to the facts described herein, Plaintiff, TANYA SCHWENK was the natural parent and

2    legal custodian of the minor Christopher Schwenk." *Id.* ¶ 1.

3    **II.      Procedural Background**

4              Defendants initially filed motions to dismiss and strike on February 15, 2007, arguing that the

5    Complaint should be dismissed because 1) Lacativo is either absolutely or qualifiedly immune, 2) this

6    Court lacks jurisdiction under either the *Younger* or *Rooker-Feldman* doctrines, or 3) in the alternative,

7    plaintiffs should be required to provide a more definite statement basis for their claims. However, in

8    their first reply brief filed on March 27, 2007, defendants stated that they "have learned" that Tanya

9    Schwenk did not have custody of Christopher at the time of the removal. Specifically, defendants claim

10   that, pursuant to a  Superior Court of California, Hayward ("Family Court") order, at the time of the

11   removal, Tanya's time period for visitation rights had ended and therefore there is no basis for any

12   claimed deprivation of rights, as Tanya had no legal right to be with Christopher when he was removed

13   from her home. *See* defendants' March 27, 2007 Reply to Opposition [Docket No. 13]. In order to give

14   plaintiffs an opportunity to respond to this "new" information, the parties stipulated that defendants

15   would withdraw their motions and re-file them on April 17, 2007, thereby allowing plaintiffs ample

16   opportunity to respond to the allegation that Tanya did not have legal custody of Christopher at the time

17   of removal. *See* Docket No. 17. Defendants re-filed their motions, and additionally move for judicial

18   notice of the Family Court order.[2] Plaintiffs filed their opposition papers on May 2, 2007, one day late.

19   *See* Docket Nos. 31 & 32.

20                                   <u>**LEGAL STANDARDS**</u>

21   **I.      Motion to Dismiss**

22              Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the

23   plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell*

24   *Atlantic Corp. v. Twombly*, --- S.Ct. ----, 2007 WL 1461066 (abrogating *Conley v. Gibson*, 355 U.S. 41

26   _____

27              [2] Defendants request that the Court take judicial notice of the Family Court Minute Order
     (Exhibit A), a letter from the Family Court file pertaining to the scheduling of hearings  (Exhibit B),
     another Family Court Minute Order also pertaining to the scheduling of hearings (Exhibit C),
28   and plaintiffs' first opposition to defendants' first motion to dismiss (Exhibit D).

United States District Court
For the Northern District of California

(1957)).  For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994).  All reasonable inferences are to be drawn in favor of the plaintiff.  *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

The court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."), *as amended by*, 275 F.3d 1187 (9th Cir. 2001).

## II.    Request for Judicial Notice

Federal Rule of Evidence 201(b) permits judicial notice of facts "not subject to reasonable dispute" in that they are either "(1) generally known within the territorial jurisdiction or the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). The Court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Specifically, a court may take judicial notice of the authenticity and existence of a particular order, motion or pleading.  See *U.S. v. Southern California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004); *see also Kent v. DaimlerChrysler Corp.*, 200 F. Supp. 2d 1208 (N.D. Cal. 2002) (taking judicial notice of two state court decisions and a legal memorandum filed in a state court action on the grounds that they are public documents).

## ANALYSIS

Defendants' two arguments for dismissal are 1) this Court lacks jurisdiction over this matter under the *Rooker-Feldman* doctrine, and 2) because the Family Court order stated that Tanya Schwenk was to have visitation rather than custodial rights, and did not even have visitation rights at the specific

**United States District Court**
For the Northern District of California

time of removal, plaintiffs have not alleged a cognizable deprivation of liberty. Since the application of the *Rooker-Feldman* doctrine involves the Family Court order, the Court discusses the order first.

## I.        The Family Court Order

Defendants argue that, given that Tanya Schwenk did not properly have custody of Christopher at the time Christopher was removed, the deprivation of plaintiffs' liberty interest in the family unit, if any, does not rise to the level of constitutional violation. In a May 11, 2004 order, the Family Court ordered that physical custody of Christopher be transferred from Tanya to Christopher's father, Troy Schwank, and that Tanya "shall have visitation with [Christopher] every Sunday at 7:30 am until Sunday at 9:00 pm." *See* Request for Judicial Notice, Exh. A. Defendants argue that since the removal took place on Monday, June 7, at 4:00 a.m. (Request for Judicial Notice, Exh. D), Tanya did not have legal custody of Christopher because, pursuant to the Family Court order, her visitation period ended at 9:00 p.m. on Sunday, June 6 – 7 hours earlier. Therefore, defendants aver, Tanya "was not deprived of her visitation rights at the time of removal." Mot. at 6:7-8.

Plaintiffs do not oppose the request for judicial notice or contest the authenticity of the Family Court order; indeed, as discussed below, they do not even so much as *mention* the order in their opposition. However, an initial question is presented as to whether, by taking judicial notice of the Family Court Order, the Court thereby converts defendants' Rule 12(b) motion to dismiss to a Rule 56 motion for summary judgment. As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688(9th Cir. 2001). Rule 12(b)(6) expressly provides that when:

> matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b)(6) (emphasis added). However, an exception to this rule exists under Federal Rule of Evidence 201, pursuant to which a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986); *Lee*; 250 F.3 at 689. Accordingly, the Court may properly take judicial notice of the Family Court order.

United States District Court
For the Northern District of California

Defendants' argument is two-pronged. First, defendants argue that since the removal took place outside of Tanya's visitation period, "Defendants did not have to obtain a warrant to take [Tanya's] children into protective custody" because there was a Family Court order "strictly prohibiting Plaintiff Tanya's access to her children." Second, defendants argue that, assuming *arguendo* that Tanya did have visitation rights at the time of the removal, since non-custodial parents with court-ordered visitation rights have less of a liberty interest in the family unit than a parent with full custody, the deprivation of such an interest does not rise to the level of constitutional violation.

As an initial matter, the Court notes that, given the clear, uncontested content of the Family Court order, it appears that the first sentence of plaintiffs' complaint, the fundamental premise of the lawsuit, is false. The first paragraph of the Complaint states: "Plaintiff, TANYA SCHWENK was the natural parent and *legal custodian* of the minor Christopher Schwenk" (emphasis added). However, as the Family Court order makes clear, Tanya did not have custodial rights, but only visitation rights. Visitation rights are by definition non-custodial. *See Brittain v. Hansen*, 451 F.3d 982, 992 (9th Cir. 2006) (comparing liberty interests of parents who have visitation rights with those of custodial parents).

The Court in *Brittain* held that non-custodial parents with court-ordered visitation rights have a liberty interest in the companionship, care, custody, and management of their children, but that such an interest is "unambiguously lesser in magnitude than that of a parent with full legal custody." *Brittain*, 451 F.3d at 992. Were this a case where Tanya straightforwardly had visitation rights at the time of the alleged deprivation, the Court could proceed with an analysis of the degree of the deprivation under the rationale articulated in *Brittain*. However, this is not such as case — it appears that, at the time Christopher was removed, Tanya had *no* legal right to be with Christopher, and accordingly it may be that there was no liberty interest at stake either.

Plaintiffs, rather than meaningfully respond to this challenge as would be expected given that a new briefing schedule was ordered specifically for that purpose, utterly fail to address the critical point that Tanya had no visitation rights *at the time of removal*. Had plaintiffs addressed this issue, the Court may have had some basis upon which to consider the question of whether a parent with visitation rights is deprived of a liberty interest when a child is removed from the parent's care outside of the visitation

period.[3] However, the fact remains that, given the content of the Family Court order, plaintiffs' allegation that she was the legal custodian of Christopher — and is therefore entitled to the rights attendant legal custodians — is false. Accordingly, as all of plaintiffs' claims flow from this apparently false statement, the Court grants the motion to dismiss, *with* leave to amend, for the reasons stated below.

## II.      The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine generally bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir.2004). The Supreme Court has emphasized that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Defendants argue that the *Rooker-Feldman* doctrine requires that this Court abstain from considering the merits of plaintiffs' claims because to do so would require the Court to rule on the validity of two state court orders: the Family Court order stating that Tanya Schwenk had visitation rather than custodial rights, and a wholly unidentified "ruling" from Juvenile Court, the existence of which defendants argue can be "inferred" from the Complaint. Defendants' argument is unpersuasive. First, Defendants' argument that plaintiffs' claim necessarily "raise the validity" of the Family Court order is meritless. Defendants argue that plaintiffs' claim that they were deprived of visitation rights (assuming that is in fact what plaintiffs claim) somehow challenges the validity of the Family Court order. To the contrary, to the extent plaintiffs claim they were deprived of *visitation rights*, their claim is *predicated* on the validity of the order, as there would be no visitation rights absent a valid order. Moreover, defendants' argument question-beggingly assumes that the Family Court's order is legally inconsistent with any claim of constitutional deprivation. As noted above, the Court is not in a position

_____

[3] The father, who technically had custody at the time of the removal, is not a party to the action.

7

1    to make this determination on the basis of the present motion.

2        Second, defendants argue that since the Complaint alleges that Christopher was placed in foster

3    care subsequent to the removal, "there is an inference that the Juvenile Court" found that the "removal

4    was necessary and reasonable." Opp. at 12. Defendants fail to identify any such finding by a state court

5    and have not sought judicial notice of any documents from any proceedings before the Juvenile Court.

6    Accordingly, there is no basis for abstention pursuant to the *Rooker-Feldman* doctrine.

7                                                      **CONCLUSION**

8        Plaintiffs' Amended Complaint is virtually devoid of any substantive facts other than the most

9    skeletal outline which forms the basis of the claims. While the Court does not pass on the merits of

10   defendants' other arguments, it notes that the Amended Complaint appears to test the limits of Rule 8's

11   "short and plain statement" pleading standard. Furthermore, it appears that this lack of detail may in fact

12   have been an attempt to avoid a motion to dismiss by intentionally omitting potentially dispositive facts,

13   such as the fact that Tanya had visitation rather than custodial rights. As such, plaintiffs should be aware

14   that if the Court is presented with a second amended complaint which fails to sufficiently articulate the

15   basis for their claims, plaintiffs' case may be dismissed without leave to amend.

16       Additionally, the Court notes that while the Court did not convert the motion to dismiss to a

17   motion for summary judgment, both parties improperly attempted to submit extrinsic evidence wholly

18   inappropriate in the context of a motion to dismiss. Defendants are reminded that Rule 12(b)(6) motions

19   are disfavored, and the proper vehicle for asserting the claims made in the instant motion may be

20   through a motion for summary judgment.

21       For the foregoing reasons, IT IS HEREBY ORDERED that defendants' Request for Judicial

22   Notice is GRANTED, and defendants' Motion to Dismiss Plaintiffs' Amended Complaint is GRANTED

23   WITH LEAVE TO AMEND.  Plaintiffs are granted leave to file an amended complaint no later than

24   20 days of the Court's Order **only if** they can provide an adequate factual basis for their allegations.

25   Specifically, plaintiffs must allege a proper basis for a claim of deprivation of rights not based on a

26   relationship of legal *custody* as is currently alleged in the Amended Complaint. Defendants' Motion to

27   Strike is DENIED AS MOOT.

28

IT IS FURTHER ORDERED THAT a Case Management Conference is scheduled in this matter for **September 5, 2007 at 2:45 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court.  Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.


Dated: 5/29/07                    SAUNDRA BROWN ARMSTRONG

United States District Judge