**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| TANYA SCHWENK, *et al.*, | No. C 07-00849 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 42] |
| COUNTY OF ALAMEDA, *et al.*, | |
| Defendants. | |

**REQUEST BEFORE THE COURT**

Before the Court is plaintiff Tanya Schwenk's Application to Proceed *in Forma Pauperis* (the "Application") [Docket No. 42]. For the reasons discussed below, the Court DENIES without prejudice the Application.

**BACKGROUND**

This matter arises from a detention of Schwenk's minor, C.S.,[1] by defendant County of Alameda (the "County"), on June 7, 2004. *See* Docket No. 12 in E.D. Cal. case 06-cv-01255-LKK-KJM (case "1255"). On June 7, 2006, Schwenk filed a complaint, in the Eastern District of California, alleging the County one of its social workers had violated her rights under 42 U.S.C. § 1983 by detaining C.S. without probable cause or warrant. *See id.* Schwenk, through counsel, purported to file her complaint on behalf of C.S., but failed to first file a request to appoint a guardian ad litem or next friend for C.S. *See id.*

Eight months later, on February 4, 2007, Schwenk filed a Motion to Appoint a Guardian ad Litem ("GAL"). *See* Docket No. 21 in case 1255. In it, she claimed she was C.S.' legal guardian. *Id.* ¶ 1. Four days later, before the Eastern District could rule on this motion, that Court approved the parties' joint request to transfer this matter to the Northern District of California. *See* Docket

---

[1] The parties are advised to take note of, and to the extent practical, follow Federal Rule of Civil Procedure 5.2(a)(3), as well as Civil Local Rule 3-17(2), requiring the use of initials for a minor's name.

No. 24, in case 1255. Schwenk's request for the appointment of a GAL was never addressed, as it was physically transferred to this Court, but was not placed on its docket, and Schwenk never renewed her request before this Court. Subsequently, in deciding a motion to dismiss, it came to the Court's attention that C.S.' father[2] may be C.S' legal guardian. *See* Docket No. 36 at 3, 5. On May 29, 2007, the Court granted the motion to dismiss with leave to amend. *See id.* Schwenk, however, formally declined to amend, Docket No. 38, and on July 23, 2007, the Court dismissed this matter, Docket No. 40. On August 22, 2007, Schwenk filed a notice of appeal, purportedly also on behalf of C.S. *See* Docket No. 41. On August 31, 2007, Schwenk filed her Application, also purportedly on behalf of C.S. *See* Docket No. 42 at 1.

## LEGAL STANDARD

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). An affidavit is sufficient if it states a person cannot pay or provide security for court costs and still provide himself or herself and any dependents with the necessities of life. *Adkins*, 335 U.S. at 339.

Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma pauperis* "at any time" if it determines: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief

---

[2] He is not a party to this matter.

from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a complaint, however, a court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992). But if a plaintiff's complaint is found deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

**ANALYSIS**

The Court does not reach the merits of Schwenk's appeal or Application, as there is a threshold standing issue before it. Schwenk has purported to appeal and request *in forma pauperis* status for herself and her minor. Schwenk does not have the authority to do this. *See* Fed. R. Civ. P. 17(c). Nor may the Court consider her dated request to appoint her as C.S.' GAL, based on the information presented to the Court that she might not be his legal guardian. This is because the Court has no information before it as to whether C.S. or his or her legal guardian even knows about this matter or has approved a lawsuit in C.S.' name. Further, given a County detention gave rise to this matter, the Court does not even know who currently serves as C.S.' legal guardian, which might very well be the County. Further, until the Court resolves the issue of C.S.' standing, the Court will not consider Schwenk's Application, as C.S., who is almost a major, may have the means alone or though his or her legal guardian to pay the filing fee.

**CONCLUSION**

Accordingly, the Court DENIES without prejudice plaintiff Schwenk's Application to Proceed *in Forma Pauperis* [Docket No. 42]. The Court orders, however, that Schwenk has 30 days

1  from the date of the entry of this Order, to file with the Court dispositive documentation as to who is
2  currently C.S.' legal guardian, including who has *legal* custody of C.S., whether such custody be
3  joint or otherwise, and who has the legal authority to make legal, financial, and/or educational
4  decisions on C.S.' behalf.  If the County has any dispositive documentation in this regard, it is also
5  ordered to provide it to the Court within 30 days.  The parties, however, are advised to comply with
6  the privacy provisions noted in note 1, *supra*, as well as applicable California privacy laws,
7  including section 1 of article I of the California Constitution and section 827 of the California
8  Welfare and Institutions Code.

10     IT IS SO ORDERED.

11
12     June 16, 2008                                       _____
                                                                     Saundra Brown Armstrong
                                                                      United States District Judge