FILED

FEB 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANYA SCHWENK; et al.,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>COUNTY OF ALAMEDA; et al.,<br><br>        Defendants - Appellees. | No. 07-16525<br><br>D.C. No. CV-07-00849-SBA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted December 9, 2009
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LYNN,[**] District Judge.

    Tanya Schwenk and her son, Christopher Schwenk, appeal the district

court's order granting the appellees' motion to dismiss their § 1983 complaint. We

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Barbara M.G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291.  We affirm in part, reverse in part, and remand for further proceedings.[1]

The district court erred by dismissing the case in light of Tanya Schwenk's well-pleaded allegation that she was Christopher's legal custodian.  When ruling on the motion to dismiss, the district court was required to take as true Schwenk's allegation of legal custody, unless contradicted by a matter properly before the court.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The district court properly took judicial notice of an interim order of the Alameda County Family Court, dated May 11, 2004, which transferred physical custody of Christopher from Tanya Schwenk to his father and which gave Tanya Schwenk "visitation with [Christopher] every Sunday at 7:30 a.m. until Sunday at 9:00 p.m." *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); Fed. R. Evid. 201.  However, because the order was silent on the matter of legal custody, the district court erred by concluding that Tanya Schwenk did not have a legal basis to challenge the seizure of Christopher.  *Burke v. County of Alameda*, 586 F.3d 725, 733 (9th Cir. 2009) (noting that a parent without physical custody may have legal custody, and recognizing such parent's liberty interest in the care, custody, and

---

[1] Because the parties are familiar with the facts, we repeat them here only as necessary to the disposition of this case.

management of their children); *see also Brittain v. Hansen*, 451 F.3d 982, 992 (9th Cir. 2006) (recognizing that parents without legal custody but with visitation rights maintain a liberty interest in the care, custody, and management of their children, albeit a reduced one); Cal. Fam. Code § 3003.

We affirm the dismissal as to Lacativo on the basis of qualified immunity. At the time of the alleged conduct, we had not yet decided *Burke*, which expressly held that "parents with legal custody, regardless of whether they also possess physical custody of their children" have a liberty interest in the care, custody, and management of their children. 586 F.3d at 731, 733-34. Accordingly, the right was not yet clearly established, *id.* at 734, and Lacativo is entitled to qualified immunity. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009).

Because the district court erred in its assessment of appellants' alleged rights, the court, on remand, should reevaluate their claims against the County pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).[2] On remand, the district court should also address the claims purportedly asserted by Christopher Schwenk, as to which its earlier order was silent.

---

[2] We agree with the district court that appellees' arguments urging dismissal under the *Rooker-Feldman* doctrine are without merit. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

3

**AFFIRMED** in part; **REVERSED** in part, and **REMANDED** for further proceedings.  Each party shall bear its own costs.