IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA SCHWENK,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF ALAMEDA,<br><br>        Defendant.         / | No. C-07-00849 SBA (EDL)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL RELEASE OF MENTAL HEALTH RECORDS** |

   This is a civil rights action arising out of the removal of Plaintiff Christopher Schwenk and his brother from the physical custody of their mother, Plaintiff Tanya Schwenk, in June 2004. Defendants have filed a motion to compel, seeking mental health records for both Christopher and Tanya Schwenk in an effort to determine whether there are sources of emotional distress other than Defendants' conduct, relying on Doe v. City of Chula Vista, 196 F.R.D. 562, 568-69 (S.D. Cal. 1999) ("Doe can testify to her emotions near the incident, and defendant is free to cross examine her about the depth of her emotional damage and other factors in her life at that time. But to insure a fair trial, particularly on the element of causation, the court concludes that defendants should have access to evidence that Doe's emotional state was caused by something else. Defendants must be free to test the truth of Doe's contention that she is emotionally upset because of the defendants' conduct. . . . The court's decision is based primarily on its concern that the discovery process be fair to both parties, so that each side is able to present an effective and complete case to the jury."). Because the Court finds that this matter is appropriate for decision without oral argument, the Court vacated the February 15, 2011 hearing.

   In opposition to this motion, Plaintiffs argue that they are seeking only garden variety emotional distress damages in this case. Plaintiffs' counsel also stated in a declaration that Plaintiffs

**United States District Court**
For the Northern District of California

1  will not be relying on experts or treating doctors for the emotional distress damages in this case. See
2  Declaration of David Beauvais at ¶ 5. In addition, Plaintiffs make no claim for intentional infliction
3  of emotional distress or negligent infliction of emotional distress in the complaint. Under those
4  circumstances, the weight of authority in this district compels the conclusion that there was no
5  waiver of the psychotherapist-patient privilege that would justify intrusion into the private medical
6  records. See EEOC v. Lexus of Serramonte, 237 F.R.D. 220, 223-25 (N.D. Cal. 2006) ("Ms. Wei's
7  medical records are privileged by her right to privacy under California and federal law, and she
8  brings only a 'garden-variety' claim for emotional distress damages and she does not intend to rely
9  on those records or on testimony by a medical or psychiatric expert to support her claim.
10 Consequently, she has not waived this privilege by putting her medical or mental condition at
11 issue."); see also Verma v. American Express, 2009 U.S. Dist. LEXIS 46702 (N.D. Cal. May 26,
12 2009) (concluding that even though the complaint had alleged extreme emotional distress, plaintiff
13 agreed to limit her claims to allege no more than garden variety emotional distress and therefore had
14 not waived her right to invoke the psychotherapist-patient and physician-patient privileges as to her
15 communications with her doctor); see also Fitzgerald v. Cassil, 216 F.R.D. 632, 639-40 (N.D. Cal.
16 2003) ("Plaintiffs have stipulated that they will not affirmatively rely on any treating
17 psychotherapist or other expert to prove the emotional distress damages suffered by Mr. Fitzgerald
18 and Mr. Yu. The Court notes that, even if the middle ground approach to waiver ( i.e.,
19 "garden-variety" emotional distress) were applied, no waiver would be found in the instant case.
20 Plaintiffs have not pled a cause of action for intentional or negligent infliction of emotional distress
21 and have not alleged a specific psychiatric injury or disorder or unusually severe emotional distress
22 extraordinary in light of the allegations. Nor have they conceded their mental condition as revealed
23 in the records sought is 'in controversy.'"). Accordingly, Defendants' motion to compel is denied.
24    **IT IS SO ORDERED.**
25 Dated: February 10, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge